

September 17, 2013

*Via CM/ECF and Email*

GENEVIEVE M. ZIMMERMAN
Admitted in Minnesota and North Dakota
Genevieve.Zimmerman@zimmreed.com
REPLY TO MINNEAPOLIS

The Honorable Donovan W. Frank
United States District Court
342 Warren E. Burger Federal Courthouse
316 N. Robert Street
St. Paul, MN 55101

RE: *In re Stryker Rejuvenate and ABG II Hip Implant Products Liability*,
    Case No. 13-md-02441-DWF-FL

Dear Judge Frank:

Plaintiffs respectfully submit this letter pursuant to this Court's order of September 9, 2013, that the parties brief their respective positions on direct filing in the above-referenced matter in consideration of the preservation of the parties' rights under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). (*See* Dkt. No. 53, Sept. 9, 2013).

Plaintiffs respectfully request that the Court enter the Proposed Order attached as Exhibit A or a similar order providing that (1) each claimant with a potential "tag-along action"[1] shall be permitted to file directly in the multidistrict litigation ("MDL"); (2) each case directly filed in the MDL shall be transferred, pursuant to 28 U.S.C. §1404(a), to a federal district court of proper venue, as defined in 28 U.S.C. §1391, based on the recommendations of the parties to that case; and (3) a case directly filed in MDL 2241 shall have no impact on the choice of law to be applied.

Summary of Argument

Requiring each plaintiff to don the fictitious mask of a separate litigant in a "tag-along action" would serve no useful purpose and would engage the parties, the transferor courts, and the JPML in an empty dance, with the procedural steps leading only to this Court for consolidation of such actions in the MDL. Conversely, allowing new claimants to file directly in the MDL will ensure timely consolidation by avoiding circuitous routing. For these reasons, and those articulated below, the Court should enter an order providing that all new plaintiffs shall be permitted to file their claims directly in the MDL pursuant to the proposed order (Exhibit A).

---

[1] The Rules of the Judicial Panel on Multidistrict Litigation ("JPML") define a "tag-along action" as a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under 28 U.S.C. § 1407. R. JPML 1.1(h).

MINNEAPOLIS   | 1100 IDS Center, 80 South 8th Street Minneapolis, Minnesota 55402  T 612.341.0400  F 612.341.0844   | ZIMMREED.COM
SCOTTSDALE    | 14646 North Kierland Blvd, Suite 145 Scottsdale, Arizona 85254  T 480.348.6400  F 480.348.6415

Argument

Permitting new plaintiffs to file directly in the MDL will avoid unnecessary expense and delay and will eliminate empty procedural steps for the parties, the JPML, and transferor courts. As one commentator recently observed, permitting direct filing renders an MDL "more seamlessly integrated and amenable to global settlement." Andrew D. Bradt, *The Shortest Distance: Direct Filing and Choice of Law in Multidistrict Litigation*, 88 Notre Dame L. Rev. 759, 798 (2012). Indeed, "direct filing creates numerous efficiencies for all parties. … Lodging all of the cases in a single court in the first instance more seamlessly aggregates the litigation." *Id.* at 796.

The Rules of JPML expressly contemplate the joining of direct filings with the MDL action: "Potential tag-along actions filed in the transferee district[2] do not require Panel action." R. JPML 7.2(a); *In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 903-04 (E.D. La. 2007). Accordingly, in *Vioxx*, the court recognized that any plaintiff could file a complaint against defendant Merck & Co., Inc., in the MDL court in the Eastern District of Louisiana. *Id.* In fact, some 2,000 claimants who did not reside in Louisiana filed their claims directly in the MDL. *Id.* The *Vioxx* court observed that "[d]irect filing into the MDL avoids the expense and delay associated with plaintiffs filing in local federal courts around the country after the creation of an MDL and waiting for the Panel to transfer these 'tag-a-long' actions to this district." *Id.*

In recognition of these efficiencies, orders permitting plaintiffs to forego the unnecessary step of filing tag-along actions have become increasingly prevalent since *Vioxx*. In *In re DePuy Orthopaedics, Inc. ASR Hip Implant Products*, Judge Katz entered an order permitting direct filing "[i]n order to eliminate delays associated with transfer of cases in or removed to other federal district courts to this Court, and to promote judicial efficiency" and thus allowed "any plaintiff whose case would be subject to transfer to MDL 2197 [to] file his or her case directly in the MDL proceedings in the Northern District of Ohio." 10-md-02197 (N.D. Ohio), Dkt. No. 23 (Jan. 7, 2011), at 64. Following completion of pretrial proceedings, each directly filed case is subject to transfer to an appropriate venue pursuant to 28 U.S.C. § 1391 and "based on the recommendations of the parties to that case." *Id.* at 64-65.

Similarly, in the MDLs involving transvaginal mesh in the U.S. District Court for the Southern District of West Virginia, Judge Goodwin has entered similar pretrial orders, taking account of personal jurisdiction and venue issues just as Plaintiffs' Proposed Order suggests. For instance, in the *Ethicon* MDL, the court recently ordered that direct filing may proceed in order "[t]o eliminate the delays associated with the transfer of cases filed in or removed from other federal district courts to this court as part of [the] MDL" and "to promote efficiency … ." *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 12-md-02327 (S.D. W. Va.), Dkt. No. 218 (Aug. 22, 2013), at 2020. The direct filing of actions in the MDL court was deemed to be "solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. § 1407"; moreover, the parties "submit[ted] to [the MDL] court's personal jurisdiction and venue … for those purposes only." *Id.* at 2022.

These and other orders demonstrate that any complexities arising from direct filing in an MDL are more theoretical than real, given the ease of resolving them through limited stipulation as reflected in the relevant judicial order. For instance, here, this Court might be deemed the forum court and the "transferor" court for

---

[2] The Rules define "transferee district" as the federal district court to which the JPML transfers an action pursuant to 28 U.S.C. § 1407 for inclusion in the MDL. R. JPML 1.1(i).

September 17, 2013
Page 3

direct filings, such that substantive Minnesota substantive law could arguably apply even though Minnesota lacks any, or a significant, connection with the claims. Such concerns are readily addressed through cooperation of the parties and by judicial order. In *In re Porsche Cars North America Inc., Plastic Coolant Tubes Products Liability Litigation*, the court entered an order with terms providing, pursuant to the parties' stipulation, that new claimants were "deemed to have filed new actions in their 'home' districts [as specified in the Order] that have been consolidated into this multidistrict litigation." 11-md-02233-GLF-EPD (S.D. Ohio), Dkt. No. 45, at 416-17 (Oct. 5, 2011) (citing *Lexecon Inc.*, 523 U.S. 26). Judicial orders permitting direct filing thus frequently contain provisions to identify the appropriate choice of law, as well as the court to which the action shall be transferred upon completion of the pretrial proceedings. *See, e.g.*, *In re Pradaxa (Dabigatran Etexilate Prods. Liab. Litig.)*, 12:md-02385 (S.D. Ill.), Doc. No. 43 at 1-2 (Oct. 3, 2012) (providing for direct filing and requiring plaintiffs to identify place of residence at time of filing and place of residence at time of injury alleged); *In re Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, No. 09-MD-2016, at 1 (W.D. Ky. Jul. 27, 2009) (recognizing direct filing pursuant to stipulation whereby choice-of-law rules of the place of the injury or the place of plaintiff's domicile, at plaintiff's election, would govern). The judicial order Plaintiffs request, as set forth in Exhibit A, likewise provides that the "transferor" district for purposes of choice-of-law issues shall be deemed to be the court in the district where the plaintiff resides.[3]

Cases in which courts have refused to permit direct filing largely predate *Vioxx* or are otherwise distinguishable. *See, e.g.*, *In re Norplant Prods. Liab. Litig.*, 946 F. Supp. 3, 4 (E.D. Tex. 1996) (noting, in mass tort action, that direct filing "threaten[ed] to burden th[e] court with unnecessary transfer decisions" and urging plaintiffs to consider the objectives of 28 U.S.C. § 1404(a)). The Proposed Order, by defining claimants' "home district," avoids such uncertainty and individualized decisions on choice-of-law and transfer in direct-filed actions.

Conclusion

For the above-stated reasons, Plaintiffs respectfully request this Court enter an order permitting direct filing consistent with the conditions set forth in Exhibit A.

Respectfully Submitted,

ZIMMERMAN REED, P.L.L.P.

*/s/ Genevieve Zimmerman*

Genevieve M. Zimmerman
GMZ/
enc

---

[3] The Proposed Order (Exhibit A) is consistent with the "prevailing rule" that MDL courts should apply, in direct-filed cases that arose outside the MDL district, "the law (including the choice of law rules) that applies is the law of the state where the case originated." *Hayes v. Actavis, Inc. (In re Watson Fentanyl Patch Prods. Liab. Litig.)*, MDL No. 2372, 2013 U.S. Dist. LEXIS 121940, *6-7 (N.D. Ill. Aug. 27, 2013) (citing *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Pracs. and Prods. Liab. Litig.*, No. 09-md-02100, 2011 U.S. Dist. LEXIS 39820, at *5 (S.D. Ill. Apr. 12, 2011); *In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*, MDL 1785, No. 06-CV-02716, 2007 U.S. Dist. LEXIS 76657, at *3 (D.S.C. Oct. 11, 2007) (identifying as appropriate, for direct-filed cases, the choice-of-law rules that govern where such cases originated).