UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | MDL No. 13-2441 (DWF/FLN) |
| This Document Relates to All Actions | PRETRIAL ORDER NO. 4 |

ORDER REGARDING DIRECT FILING OF CASES INTO THIS COURT
WITHOUT NEED TO ASSOCIATE LOCAL COUNSEL

The purpose of this Order is to minimize delays associated with transfer of actions involving Rejuvenate and ABG II modular implants pending in other federal district courts to this Court, and to promote judicial efficiency. The Court hereby enters the following Order to permit attorneys who are not admitted to practice before this Court, to file actions related to this litigation, pursuant to 28 U.S.C. § 1407(a), and Rule 7.1, Rules of Procedure of the United States Judicial Panel on Multidistrict, under the following terms and conditions. This Order is intended solely to facilitate administrative convenience without otherwise altering the substantive or procedural rights of the parties, except as otherwise expressly provided for below. It is, therefore, **HEREBY ORDERED** that:

1. Any attorney admitted to practice before any United States District Court anywhere in the United States may file a case related to the above litigation directly in this Court without the necessity of associating local counsel. No motion for admission *pro hac vice* is required under such circumstances. Each such attorney filing such a case

shall indicate the Court(s) before which he or she is admitted in a page included as an attachment to the complaint labeled "List of United States Federal Courts to which Counsel for Plaintiff is Admitted" and which shall be signed and dated by counsel under the statement, "I hereby certify that I am admitted and am in good standing with the preceding United States District Court(s) and that I have not been disbarred or suspended from practice before any of these Courts or any other United States District Court." In the event that counsel is no longer in good standing or has been disbarred or suspended from practice before any United States District Court, counsel shall set forth in the attachment the circumstances of such disbarment or suspension from practice.

2. With regard to the determination of the applicable procedural law for any action directly filed in this District pursuant to this Order, Minnesota's procedural law shall apply.

3. With regard to the determination of the applicable substantive law for any action directly filed in this District pursuant to this Order, in the event of a dispute between the parties concerning the applicable substantive law, the Court will apply Minnesota choice-of-law rules unless the Plaintiff clearly identifies the following information in the initial complaint: (1) current residence; (2) date and location of implant surgery; the appropriate venue where the action would have been filed if the direct filing in the District of Minnesota was not available. If the Plaintiff identifies all of that information, then the choice of law rules from the appropriate venue shall apply.

4. The direct filing of actions in MDL No. 13-2441 in the District of Minnesota is solely for the purposes of consolidated discovery and related pretrial

proceedings. The District of Minnesota shall not be deemed the "transferor court" by virtue of an action having been filed in this District pursuant to this Order. At the conclusion of all pretrial discovery and proceedings, this Court, pursuant to 28 U.S.C. §1404(a), may transfer any case filed directly in this District to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations or stipulation of the parties to that case, or following its determination after briefing by the parties.

5. Each Complaint filed under this Order shall make reference to this Order in the Complaint.

6. Local Rule 83.5(d) is hereby waived for such cases.

7. The filin*g* of such a Complaint subjects such attorney to the Local Rules of this Court, including, but not limited to, Local Rule 83.6.

Dated:  October 3, 2013             s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge