# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:  STRYKER REJUVENATE AND ABG II HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 13-2441 (DWF/FLN) |

This Document Relates to

David Akin,

                Plaintiff,

v.        Civil No. 13-1811 (DWF/FLN)

Stryker Corporation, Stryker Sales Corporation, Stryker Orthopaedics, Mercy Hospital, Dignity Health, and Does 1-100,

                Defendants.

**MEMORANDUM
OPINION AND ORDER**

James R. Donahue, Esq., Leonard Sandoval, Esq., and Stephen J. Mackey, Esq., Donahue Davies LLP; Jeffrey C. Sevey, Esq., and Matthew P. Donahue, Esq., Sevey, Donahue & Talcott, LLP; and Michael Edward Myers, Esq., Caulfield, Davies & Donahue, counsel for Plaintiff.

Timothy P. Griffin, Esq., Leonard, Street and Deinard, PA; Rafael A. Campillo, Esq., Nicholas Andrew Weiss, Esq., Wayne A. Wolff, Esq., and Karen E. Woodward, Esq., Sedgwick LLP, counsel for Defendants Stryker Corporation, and Stryker Sales Corporation.

Pamela Ferguson, Esq., and Talia L. Delanoy, Esq., Lewis Brisbois Bisgaard & Smith LLP, counsel for Defendants Mercy Hospital and Dignity Health.

## INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 13). For the reasons set forth below, the Court grants the motion with respect to Defendants Mercy Hospital and Dignity Health (together, the "Hospital Defendants") and denies the motion with respect to Defendants Stryker Corporation ("Stryker"), Stryker Sales Corporation (together, the "Stryker Defendants"), and Stryker Orthopaedics.[1]

## BACKGROUND

Plaintiff initiated this action in Sacramento County Superior Court asserting thirteen causes of action against the above-named Defendants arising from an allegedly defective Stryker Rejuvenate Hip System implant. (Doc. No. 1, Compl. ¶¶ 21-106.) Plaintiff asserts the following claims against all Defendants: (1) Negligence; (2) Strict Liability—Manufacturing Defect; (3) Strict Liability—Design Defect; (4) Strict Liability—Failure to Warn; (5) Strict Liability—Failure to Adequately Test; (6) Strict Liability—Breach of Express Warranty; (7) Strict Liability—Breach of Implied Warranty; (8) Strict Liability—Breach of Implied Warranty of Fitness for a Particular Purpose; (9) Fraudulent Concealment; (10) Intentional Misrepresentation; (11) Negligent Misrepresentation; (12) Strict Liability—Negligence—Recall; and (13) Unlawful, Unfair,

---

[1] The parties do not address the citizenship of the Doe Defendants in their briefing on the instant motion. In his Complaint, Plaintiff alleges that all Doe Defendants "were the agents, joint venturers, co-conspirators, partners, officers, directors, employees, representatives, contractors, members, affiliates, subsidiaries, related parties, of each of the other Defendants," and that "one or more of the Defendants sued herein as a DOE Defendant, is either a resident of, or has its principal place of business within, the County of Sacramento." (Compl. ¶¶ 6, 7.) To the extent that any Doe Defendants are individuals associated with either of the Hospital Defendants, claims against those individuals are severed and remanded as well.

and Fraudulent Business Practices in Violation of California Business and Professions

Code § 17200, *et seq.* (*Id.*) On June 19, 2013, Stryker removed the action to this Court,

citing diversity of citizenship between the parties and an amount in controversy greater

than $75,000. (Doc. No. 1 at 1-2.) Plaintiff now moves the Court to remand this action

to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c).

## DISCUSSION

## I.    Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action

brought in a State court of which the district courts of the United States have original

jurisdiction . . . to the district court of the United States . . . ." 28 U.S.C. § 1441(a). A

party opposing removal may bring a motion requesting that the federal court remand the

case back to state court. 28 U.S.C. § 1447(c). The district court shall remand the case

back to state court if it determines that the court lacks subject matter jurisdiction.

28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 134 (2005). On a

motion to remand, the party seeking removal and opposing remand bears the burden of

demonstrating federal jurisdiction by a preponderance of the evidence. *In re Prempro*

*Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *In re Bus. Men's Assur. Co. of*

*Am.,* 992 F.2d 181, 183 (8th Cir. 1993). The federal court should resolve any doubt as to

the propriety of removal in favor of remand. *Prempro*, 591 F.3d at 620; *Bus. Men's*

*Assur.*, 992 F.2d at 183.

## II.        Motion to Remand

At the heart of Plaintiff's motion is the argument that, because the Court lacks original jurisdiction over the matter, this case must be remanded.  Plaintiff essentially claims that Stryker had no right to remove pursuant to 28 U.S.C. § 1441(a) on the basis of diversity of citizenship because the Hospital Defendants, like Plaintiff, are citizens of California.  (*See* Compl. ¶¶ 1, 5.)

Here, given that the Hospital Defendants are based in California, diversity of citizenship appears to be incomplete on the face of the Complaint.  Stryker Defendants and the Hospital Defendants assert, however, that removal was appropriate nonetheless because Plaintiff improperly joined the Hospital Defendants in this action.

### A.        Fraudulent Joinder

Defendants first argue that Plaintiff fraudulently joined the Hospital Defendants in order to defeat federal court jurisdiction.

Under the doctrine of fraudulent joinder, joinder of a party designed solely to deprive federal courts of jurisdiction is deemed fraudulent and does not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983).  Fraudulent joinder does not require fraudulent intent; rather, fraudulent joinder exists if the plaintiff's claim against an in-state defendant has no chance of success.  *Schwenn v. Sears, Roebuck & Co.,* 822 F. Supp. 1453, 1455 (D. Minn. 1993); *see also Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 809-10 (8th Cir. 2003) (stating that the Court must "determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant"); *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002) ("Joinder

is fraudulent and removal is proper when there exists no reasonable basis in fact and law

supporting a claim against the resident defendant."); *Anderson,* 724 F.2d at 84

("Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of

action lies against the resident defendant.").  The burden is on the defendants to establish

that a party has been fraudulently joined.  *Schwenn,* 822 F. Supp. at 1455.

Stryker and the Hospital Defendants contend that the Court should find fraudulent

joinder because Plaintiff has failed to state a claim against the Hospital Defendants.

Specifically, Defendants assert that strict product liability causes of action are not viable

against the Hospital Defendants as a matter of law and that Plaintiff has not alleged any

facts that would support misrepresentation or negligence claims against the Hospital

Defendants.  While the Court does not address each of the thirteen causes of action

individually, the Court notes that, at this early stage, and particularly in light of Plaintiff's

request for leave to amend his Complaint, fact issues preclude a finding that there is no

basis for liability on the part of the Hospital Defendants.[2]

"[C]ontested issues of fact should be resolved in favor of the plaintiff."  *Id.*

Plaintiff alleges in his Complaint, among other things, that, each of the Defendants,

including the Hospital Defendants, "knew for years" before the Stryker Rejuvenate Hip

System devices were recalled that "patients were experiencing the symptoms discussed

---

[2]     Plaintiff's Complaint appears to assert each cause of action against all named
Defendants.  While the Court acknowledges that it is unlikely that Plaintiff is able to
assert any viable strict product liability claim against the Hospital Defendants,
treatment-based claims are more likely to survive.  Still, Plaintiff may very well amend
his Complaint in state court; as such, the merits of any claims asserted against the
Hospital Defendants will be for the state trial judge to decide.

herein . . . but concealed and/or misrepresented to Plaintiff and others similarly situated that the Stryker Rejuvenate Hip System was not defective, and was in all respects, a state-of-the-art prosthetic device suitable as a replacement hip." (Compl. ¶ 12.) At a minimum, Plaintiff has raised an issue as to whether the Hospital Defendants knew or had reason to know that Plaintiff's device was potentially defective.

"Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant." *Schwenn,* 822 F. Supp. at 1455. Here, although Plaintiff's allegations against the Hospital Defendants are sparse, it is plausible, particularly upon amendment of the Complaint, that Plaintiff may have a valid cause of action against the Hospital Defendants. Even as it currently stands, Plaintiff's Complaint does allege facts, which if true, have a chance of success. At a minimum, at this early stage of the litigation, the Court cannot conclude that no valid claims have been brought against the Hospital Defendants as a matter of well-settled law. In addition, there is no evidence that the Hospital Defendants were singled out to avoid federal diversity jurisdiction rather than to obtain full relief. Accordingly, Plaintiff's joinder of the Hospital Defendants cannot be deemed fraudulent.

## B. Misjoinder

Alternatively, the Stryker Defendants request that the Court sever and remand Plaintiff's claims against the Hospital Defendants while retaining jurisdiction over Plaintiff's claims against the device manufacturer. In that regard, the Stryker Defendants

assert that Plaintiff misjoined the Hospital Defendants under Rule 20(a) of the Federal Rules of Civil Procedure.

Rule 20 allows for permissive joinder of multiple defendants in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).[3] If defendants have been misjoined for the failure to satisfy the conditions for permissive joinder under Rule 20(a), the Rules allow for severance of those defendants: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

The Stryker Defendants appear to assert that any claims arising out of the Hospital Defendants' treatment of Plaintiff do not arise out of the same transaction or occurrence as the claims against the device manufacturer because the claims against Plaintiff's healthcare providers are based on theories of medical negligence while the claims against the manufacturer are based on theories of product liability. The Stryker Defendants contend that any viable claim against the Hospital Defendants "would be legally and factually distinct from the claims against the device manufacturer," and the device manufacturer is not a necessary party to any proceeding against Plaintiff's healthcare

---

[3]     The California rule on permissive joinder is nearly identical to the federal rule and is identical in all relevant respects here. *See* Cal. Civ. P. Code § 379(a)(1).

providers, against whom Plaintiff has an adequate remedy in state court.  (Doc. No. 25 at 28, 29.)

Upon review of the applicable rules and the pleadings of the parties, the Court finds that the Hospital Defendants have been improperly joined in this case.  The joinder of any malpractice, negligence, or misrepresentation claim against the Hospital Defendants with the other product liability claims (that are properly asserted against the device manufacturer) is inappropriate because the claims do not both involve common questions of law or fact and assert joint, several, or alternative liability "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a).

With respect to any medical negligence or misrepresentation claims that Plaintiff may assert against the Hospital Defendants or its employees, such claims require evidence regarding Plaintiff's care, treatment, and services provided by the Hospital Defendants and their staff, and representations made related thereto.  Plaintiff's claims against the Stryker entities, on the other hand, are based on alleged manufacturing and design defects associated with certain medical devices.  Claims against the Stryker entities will require evidence as to the development, manufacture, and testing of such devices as well as the Stryker entities' knowledge, warnings, and disclosures regarding risks associated with its purportedly defective hip replacement products.  Any liability that may be found against either the Stryker entities or the Hospital Defendants would not be a basis for liability as to the other.  However, separate liability as to each could be

separately found.[4]  Furthermore, because of the nature, stage, and progression of this

MDL, "the rights of the parties and interest of justice is best served by severance."  Fed.

R. Civ. P. 21.

## CONCLUSION

Although some courts faced with fraudulent misjoinder claims have required both

a finding of misjoinder and a finding of a bad faith attempt to defeat diversity, other

courts have refused to apply the "egregious" standard when considering misjoinder in the

context of remand petitions.  *See In re: Baycol Prods. Litig.,* MDL No. 1431, Civ.

No. 03-2931, 2003 WL 22341303, at *3 (D. Minn. 2003) (citing cases).  The Eighth

Circuit Court of Appeals has not addressed the issue.

Here, as did the court in *Greene v. Wyeth*, the Court "rejects the notion that

Plaintiff[ ] ha[s] committed an egregious act or fraud upon the Court."  344 F. Supp. 2d

674, 685 (D. Nev. 2004).  "[U]nder our dual court system[, if] a potential plaintiff has a

choice between a state forum and a federal forum, it is his privilege to exercise that

choice subject to legal limitations, and if he can avoid the federal forum by the device of

*properly* joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so."

---

[4]    While California case law seems to take a broad view of joinder, the Court's
finding is still consistent.  The California Supreme Court has stated that section 379,
subdivision (c) "does not permit the unlimited joinder of defendants; it provides for
joinder only when plaintiff pleads a specific relationship between the defendants, namely,
a single or cumulative injury, giving rise to doubt as to the respective liability of
defendants for that injury.  In other words, when a plaintiff states facts showing a
reasonable uncertainty as to the respective liability of the defendants, these same facts
constitute the connection that links the acts of the defendants and fulfills any claimed
requisite of 'factual nexus.'"  *Landau v. Salam,* 484 P.2d 1390, 1395 (Cal. 1971).  Here,
there can be no legitimate dispute that any liability on the part of the Hospital Defendants
has a separate and distinct factual basis from that of the Stryker entities.

*Iowa Pub. Serv. Co. v. Med. Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977) (emphasis

added).  However, where a non-diverse party, such as the Hospital Defendants here,

cannot be properly joined under the Federal Rules of Civil Procedure, other interests,

such as a defendant's statutory right of removal, prevail over that of permitting a

plaintiff's choice of forum.  *See Greene,* 344 F. Supp. 2d. at 685.

Because the causes of action against the Hospital Defendants do not arise from the

same transaction and occurrences as the causes of action against the Stryker entities, the

Court will sever the action against the Hospital Defendants so as to preserve Stryker's

right to removal in the remaining action and to preserve the interests of judicial

expediency and justice.  *See, e.g., In re Guidant Corp. Implantable Defibrillators Prods.*

*Liab. Litig.*, 2007 WL 2572048, at *3-4  (D. Minn. Aug. 30, 2007); *In re Guidant Corp.*

*Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 5377783, at *6-7  (D. Minn.

June 4, 2007).

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Remand (MDL No. 13-2441 (DWF/FLN), Doc.

No. [12]; Civil No. 13-1811 (DWF/FLN), Doc. No. [13]) is **GRANTED IN PART** and

**DENIED IN PART** as follows:

a.      With respect to Defendants Mercy Hospital and Dignity

Health, the motion is **GRANTED**.  All claims asserted against Defendants

Mercy Hospital and Dignity Health are hereby are **SEVERED** and

**REMANDED** to the Superior Court of the State of California for the County of Sacramento.

      b.     With respect to Defendants Stryker Corporation, Stryker Sales Corporation, and Stryker Orthopaedics, the motion is **DENIED**.  The Court retains jurisdiction over all claims asserted against Defendants Stryker Corporation, Stryker Sales Corporation, and Stryker Orthopaedics.

    2.     Plaintiff's Motion to Reinstate CTO-3 (MDL No. 13-2441 (DWF/FLN), Doc. No. [17]; Civil No. 13-1811 (DWF/FLN), Doc. No. [10]) is **DENIED AS MOOT**.

Dated:  December 12, 2013          <u>s/Donovan W. Frank</u>
                                    DONOVAN W. FRANK
                                    United States District Judge