UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: STRYKER REJUVENATE AND ABGII HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 13-2441 (DWF/FLN) |
| | **PRETRIAL ORDER NO. 20** |
| This Document Relates to All Actions | |

This matter is before the Court on Plaintiffs' Second Motion to Compel Discovery (Doc. No. 344) and Defendant Howmedica Osteonics Corp's Motion to Compel Compliance with PTO No. 8 (Doc. No. 357).[1] Defendants also seek Clarification of Meaning and Scope of Common Benefit Order (Doc. No. 377).

**I.     Fact Sheets**

   **A.     Defendants' Motion to Compel Compliance with PTO No. 8**

The original Pretrial Order No. 8 (Doc. No. 146) was entered to govern the production of Plaintiff's Fact Sheet ("PFS").[2] At the time of the original order, the PFS was a 37-page document, which the parties agreed each Plaintiff would produce, containing fundamental facts regarding the Plaintiff's individual experience with the hip

---

[1]     Plaintiffs withdrew their Motion for Leave to File Amended Master Long Form and Master Short Form Complaints (Doc. No. 349) on the record at the June 12, 2014 status conference.

[2]     Pretrial Order No. 8 was amended by stipulation of the parties. (Doc. No. 363.) The parties indicated at the June 12 status conference, however, that, despite the language of Amended Pretrial Order No. 8 (which was stipulated to by the parties), the Amended Order was only intended to suspend the PFS filing obligation for unrevised cases. The parties represented that they will jointly file a proposed Second Amended Pretrial Order No. 8 that clearly articulates all relevant deadlines and obligations with respect to PFSs.

replacement surgery that gave rise to the lawsuit. (*Id.*, Ex. B.) In its current state, the PFS is 32 pages long. (Doc. No. 363, Ex. B.) Each Plaintiff is required to answer a uniform series of questions and produce any documents that support his or her individual claims related to the hip replacement. The order includes a procedure for calculating the due date for each individual Plaintiff's PFS.

Pursuant to Amended Pretrial Order No. 12 (Doc. No. 228), the parties are to identify three cases in each of the five "bellwether categories" to be designated as lead cases in each category. To qualify for such designation, the case should be reasonably representative of the other cases in the category. The deadline for the parties to designate their respective nominations for lead case status in each category is currently July 21, 2014. (*See* Doc. No. 285; Doc. No. 329 ¶ 5.) There were 490 cases that were potentially eligible for inclusion in the bellwether case pool (i.e., they had been filed directly, or transferred to the MDL on or before April 28, 2014) provided each of the Plaintiffs in those 490 cases had served a properly completed PFS by May 1, 2014.

Defendants contend that the information contained in the PFS is essential to Defendants' evaluation of which cases fall into which bellwether categories, as described in Pretrial Order No. 19 (Doc. No. 329), and which cases should be considered for designation as a lead case in each category, as required by Amended Pretrial Order No. 12 (Doc. No. 228) and Pretrial Order No. 17 (Doc. No. 285). Because several Plaintiffs had not served their PFS by the due date, and because several of the individual PFSs were incomplete, Defendants filed the instant motion to compel compliance. In their motion papers, Defendants relied upon information they had on May 23, 2014, and

filed their motion on June 4, 2014.  According to Defendants, as of May 23, 2014, the Plaintiff in 38 cases had not served a PFS at all, and the Plaintiff in 204 other cases had filed a PFS that failed to provide basic medical records and authorizations.

Plaintiffs contest the accuracy of Defendants' contentions regarding the number of missing and deficient PFSs.  In addition, several PFSs were served after Defendants filed their motion, and many PFSs were supplemented following the filing of Defendants' motion.  By the time of the June 12 Status Conference, Defendants conceded that only seven (7) PFSs were entirely missing, and Plaintiffs contended that the number missing was only four (4).

The Court recognizes the importance of a substantially complete PFS in each case to the selection of appropriate bellwether cases.  Based upon all of the files, records, and proceedings herein, it is hereby **ORDERED** that:

1. **Entirely missing PFS:**

Any case in which the PFS remains entirely missing on July 1, 2014 will be subject to dismissal without prejudice.  In advance of the July status conference, Defendants shall identify to Plaintiffs those cases in which Defendants have not received any PFS.  On or before July 7, 2014, any Plaintiff whose fact sheet Defendants contend has not been received shall provide evidence to the contrary, or explain in writing the reason for the failure to serve the PFS.  Any case in which a PFS is still missing entirely at the time of the July status conference, will be dismissed without prejudice.  If any such Plaintiff seeks to refile the lawsuit, the new complaint must be accompanied by a completed PFS, and the Plaintiff shall be liable for any costs or fees incurred by

Defendants in connection with their efforts in the instant cases to secure compliance with the requirement that Plaintiff serve a PFS.

2. **Materially Deficient PFS:**

In any case in which Defendants contend the PFS is materially deficient, Defendants shall send notice of the material deficiency to counsel for the individual Plaintiff whose responses are alleged to be defective ("deficiency letter"). The deficiency letter shall identify the alleged material deficiency and state that Defendants intend to move to dismiss the case if the deficiency is not cured within 10 days. If the alleged material deficiency is not cured within 10 days, from the date of the deficiency letter, or within any extension thereof agreed to by the parties or ordered by the Court, Defendants may move for dismissal of the Plaintiff's claims without prejudice. A copy of the motion, accompanied by a memo of no more than 1,000 words explaining the material deficiency, shall by served on counsel for the individual Plaintiff and on the MDL Plaintiffs' Liaison Counsel to the District of Minnesota. The Plaintiff shall respond to the motion within 10 days. The response, accompanied by a memo of no more than 1,000 words, shall be filed with the Court and served on Defendants. At the next scheduled monthly status conference, the Court will decide whether to dismiss the case.

3. **Bellwether pool of eligible cases:**

The pool of cases eligible for selection as a lead case in any bellwether category will consist of those MDL cases involving Plaintiffs who were implanted with a Rejuvenate or ABG II Modular hip implant, and subsequently underwent a revision procedure during which the neck and stem components were removed, who filed directly

in the MDL, or transferred to this MDL on or before April 28, 2014 and for which a properly completed PFS, medical records, and authorizations are provided to Defendants by August 1, 2014. All other dates in Pretrial Order No. 17 are extended by 30 days. The Court will issue an Order that identifies three lead cases in each of the five bellwether categories prior to the September status conference.

**B.     Order Regarding Defendants' Fact Sheets**

The parties agreed in advance of the May 1, 2014 status conference to utilize the Defendants Fact Sheet ("DFS") forms used in the New Jersey State Court litigation. The parties had not agreed upon the timing for the service of the DFSs. Based upon all of the files, records, and proceedings herein, it is hereby **ORDERED** that for any case nominated by Defendants to be a lead case in any bellwether category, the DFS shall be served by August 1, 2014. For all other cases in which Defendants received a PFS on or before August 1, 2014, the DFS shall be served by October 1, 2014. Going forward, for any case in which Defendants receive a PFS after August 1, 2014, Defendants shall serve a DFS within 60 days of receiving the PFS.

**II.     Plaintiffs' Second Motion to Compel Discovery**

Plaintiffs' motion raises a question regarding redactions made by Defendants to 3,400 documents produced in discovery. Plaintiffs contend that 1,932 of the redactions were made solely for the purpose of concealing information that Defendants contend is not relevant. Plaintiff is currently reconciling the remaining redactions to the Defendants' recently produced privilege log. The only issue before the Court on the instant motion is the propriety of redacting from documents, otherwise responsive to

discovery requests, material that Defendants contend is not relevant.  The Court concludes that the Federal Rules of Civil Procedure do not permit such unilateral redactions.

There is currently in place in this MDL a Protective Order (Amended Pretrial Order No. 9) that governs discovery in these cases.  (Doc. No. 295.)  That Order expressly provides that the parties may consent to modify the terms of the Protective Order, or may, for good cause shown, apply to the Court for modification of the Protective Order.  Nothing in Amended Pretrial Order No. 9 permits the parties to unilaterally redact from documents, otherwise responsive to discovery requests, information they deem not relevant.

Likewise, there is nothing in the Federal Rules of Civil Procedure that permits the unilateral redaction of information, in otherwise responsive documents, that one party or the other deems not relevant.  If either party contends that Amended Pretrial Order No. 9 is not adequate to protect that party from annoyance, embarrassment, oppression, or undue burden or expense, *see* Fed. R. Civ. P. 26(c), the appropriate procedure is to seek a modification of Amended Pretrial Order No. 9.

Nothing in this Order shall be construed as making any ruling with respect to any claim of privilege or work product that is properly described in a privilege log, that may have been redacted from any otherwise responsive documents.

Based upon the foregoing, and all of the files, records, and  proceedings herein, **IT IS HEREBY ORDERED** that any documents from which Defendants redacted

information solely because it was not relevant, must be produced again without the redactions.

## III.    Common Benefit Order

Defendant Howmedica Osteonics Corp ("HOC") seeks clarification of the meaning and scope of Pretrial Order No. 18 (Doc. No. 327), the Common Benefit Order ("CBO") in this matter. (*See* Doc. No. 377.) In particular, HOC asks for guidance as to: (1) the category of settlements to which the CBO applies; (2) how HOC may determine if a settlement is subject to the CBO; (3) what constitutes covered work product under the CBO; and (4) whether the Court intends the CBO to apply to state court cases. (*Id.*)

The Court finds that the CBO speaks for itself with respect to Defendants' obligations. (*See* Doc. No. 327 at 7-10.) Defendants shall make whatever good faith efforts are necessary to comply with their obligations under the CBO. To the extent HOC seeks to alter or amend its obligations, the Court construes HOC's letter as a request for reconsideration of the CBO.

Local Rule 7.1(j) states: "Except with the court's prior permission, a party must not file a motion to reconsider. A party must show compelling circumstances to obtain such permission." D. Minn. LR 7.1(j). Having fully considered the submissions of the parties, the Court concludes that HOC has failed to demonstrate compelling circumstances sufficient to justify a motion to reconsider the Court's CBO. The Court thus denies Defendants' request.

The Court, however, adds the following paragraph to section II.B.4 of the CBO, thus requiring Plaintiffs to produce their own list of cases to Defendants.

7

      The LCC shall also provide Defendants' Lead Counsel, all Plaintiffs' counsel, the Escrow agent, and the Court or its designee with a list of cases and/or counsel who have entered into written agreements with the LCC. In the event there is a dispute as to whether a case should be on the list, the LCC shall resolve the matter with the particular Plaintiff's counsel either informally or upon motion.

This addition in no way modifies or amends Defendants' obligation to provide "at least quarterly notice" to Plaintiffs' counsel "the names and docket numbers of the cases for which [Defendants have] paid an assessment into the Funds since the last such report." (Doc. No. 327 at 8.) In effect, the parties are required to exchange and compare lists.

## IV.    Special Master for Settlement Purposes

The parties are hereby put on notice of the Court's consideration of the appointment of a special master for settlement purposes under Rule 53 of the Federal Rules of Civil Procedure. The special master will assist Magistrate Judge Franklin L. Noel with settlement proceedings in this MDL under Magistrate Judge Noel's direction and supervision, if the parties so consent. The Court is aware of the availability of former Magistrate Judge Arthur J. Boylan to serve as special master. The parties may consent to the appointment of Magistrate Judge Boylan, or shall submit their respective candidates for appointment on or before July 17, 2014. Any candidate suggested by a party shall submit an affidavit affirming that there is no ground for his or her disqualification from this matter under 28 U.S.C. § 455.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Second Motion to Compel Discovery (Doc. No. [344]) is **GRANTED**. Any documents from which Defendants redacted information solely because it was not relevant must be produced again without the redactions.

2. Defendant Howmedica Osteonics Corp's Motion to Compel Compliance with PTO No. 8 (Doc. No. [357]) is **GRANTED IN PART** and **DENIED IN PART** as set forth above. Plaintiffs' Fact Sheets shall be served by the deadlines set forth above.

3. Defendants' Fact Sheets shall be served by the deadlines set forth above.

4. Plaintiffs' Motion for Leave to File Amended Master Long Form and Master Short Form Complaints (Doc. No. [349]) was **WITHDRAWN** by counsel.

5. Defendants' request for Clarification of Meaning and Scope of Common Benefit Order (Doc. No. [377]) is **DENIED**, except to the extent the Court modifies the Common Benefit Order as set forth above.

6. The parties shall indicate in writing whether they consent to the appointment of a special master in this MDL for settlement purposes and shall suggest a candidate or candidates for appointment on or before **July 17, 2014**.

Dated: June 20, 2014         s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge