# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: STRYKER REJUVENATE AND ABGII HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 13-2441 (DWF/FLN) <br><br> **AMENDED PRETRIAL ORDER NO. 7** |
| This Document Relates to All Actions | **AMENDING DIRECTION OF SERVICE OF PLAINTIFFS' SUMMONS AND COMPLAINTS** |

On December 19, 2013, the Court entered Pretrial Order No. 7 (Doc. No 142), which directed the party and manner by which service of plaintiffs' Summons and Complaint were to be served upon Defendants. Defendants now seek to amend Pretrial Order No. 7 for the limited purpose of directing service upon Defendants' Lead Counsel, as identified in Amended Pretrial Order No. 5 (Doc. No. 820), and the e-mail addresses designated for electronic service. Based thereon, **IT IS HEREBY ORDERED** that:

1. Plaintiffs may serve Defendants Howmedica Osteonics Corp ("HOC"), Stryker Corporation and/or Stryker Sales Corporation by electronically serving a properly executed Summons and filed Complaint upon counsel for Defendants, Gibbons P.C., *via* e-mail as follows:

    a. For service on Defendant HOC, Plaintiffs must e-mail required documents to **REJABG_HOCMDLeservice@gibbonslaw.com.**

b. For service on Defendant Stryker Corporation, Plaintiffs must e-mail required documents to **REJABG_SYKMDLeservice@gibbonslaw.com**.

c. For service on Defendant Stryker Sales Corporation, Plaintiffs must e-mail required documents to **REJABG_SYKSalesMDLeservice@gibbonslaw.com**.

2. In order for service to be effective, each individual defendant must be separately served *via* e-mail with the appropriate Summons and Complaint sent to the specific designated e-mail addresses listed above.

3. The Gibbons P.C. mail system will generate an automated response to the sender upon receipt of an e-mail to these designated addresses. This automated response will confirm receipt of the e-mail, and shall constitute proof of service only as to any one or more of the defendants upon which Plaintiffs have served the required documents to the appropriate e-mail addresses. The automatic receipt of the Plaintiffs' e-mails shall not constitute proof of service or acceptance of service as to any defendant in the event Plaintiffs have failed to deliver the required documents to the appropriate e-mail address for the particular defendant.

4. Defendants will not otherwise respond to the above-described e-mails and/or any inquiries or requests for confirmation of receipt. Specific questions or issues should be directed to Defendant's Lead Counsel, to the attention of Kim M. Catullo (kcatullo@gibbonslaw.com) at Gibbons P.C. with copy to Cindy Gugg (cgugg@gibbonslaw.com).

5. Plaintiffs shall make proof of electronic service to the Court as required by Rule 4(l) of the Federal Rules of Civil Procedure.

6. Acceptance of electronic service shall not constitute a waiver of any objection to personal jurisdiction or venue.

Dated: June 16, 2017            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge