**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation | MDL No. 13-2441 (DWF/FLN) |
| This Document Relates to:<br><br>JULIA D. PRYOR, individually and as Personal Representative of the Estate of Lawrence Pryor<br><br>    Plaintiff(s),<br><br>    v.    Civil No. 17-1652 (DWF/FLN)<br><br>HOWMEDICA OSTEONICS d/b/a STRYKER ORTHOPAEDICS, STRYKER CORP., STRYKER SALES CORPORATION and STRYKER IRELAND LIMITED,<br><br>    Defendants. | **SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.    Plaintiff, Julie D. Pryor, Individually and as the personal representative of The Estate of Lawrence Pryor states and brings this civil action in MDL No. 2441, entitled *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation*. Plaintiffs are filing this Short Form Complaint as permitted by Pretrial Order #10 dated January 23, 2014 of this Court.

**PARTIES, JURISDICTION AND VENUE**

2.    Plaintiff, Julia D. Pryor, is a resident and citizen of the State of Oklahoma and claims damages as set forth below.

3.    Plaintiff's Spouse, _____, is a resident and

citizen of the _____, and claims damages as set forth below.

4.    Venue of this case is appropriate in the United States District Court, Eastern District of Oklahoma. Plaintiff(s) state(s) that but for the Order permitting directly filing into the District of Minnesota pursuant to Pretrial Order No. 4, Plaintiff would have filed in the United States District Court, Eastern District of Oklahoma. Therefore, Plaintiff(s) respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

5.    Plaintiff brings this action:

_____    On behalf of himself/herself.

__X__    In a representative capacity as the Personal Representative of the Estate of Lawrence Pryor having been duly appointed as the Personal Representative by the District Court of Okmulgee County. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent. [Cross out if not applicable.]

## FACTUAL ALLEGATIONS

Allegations as to **Left-Side** Implant/Explant Surgeries:

6.    Plaintiff's decedent was implanted with a Rejuvenate Modular hip stem on his left hip on or about February 21, 2011, at the Oklahoma Surgical Hospital, 2448 East 81st Street, Suite 300, Tulsa OK 74137, by Christopher Browne, M.D.

7

7.    Plaintiff's decedent underwent a revision surgery to his left hip implant on or about March 9, 2017, and the explanted left hip device was preserved. Plaintiff anticipates providing greater detail regarding the revision surgery and post-surgical care in disclosures and Plaintiff's Fact Sheet.

## **ALLEGATIONS AS TO INJURIES**

8.    (a)   Plaintiff claims damages as a result of:

____X____                    INJURY TO HERSELF/HIMSELF

____X____                    INJURY TO THE PERSON REPRESENTED

_____                    WRONGFUL DEATH

____X____                    SURVIVORSHIP ACTION

____X____                    ECONOMIC LOSS

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable):

____X____          LOSS OF SERVICES

____X____          LOSS OF CONSORTIUM

9.    Plaintiff's decedent has suffered injuries as a result of implantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

10.    Plaintiff's decedent has suffered injuries as a result of the explantation of the Device(s) at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

11.     Defendants, by their actions or inactions, proximately caused the injuries to Plaintiffs.

12.      Plaintiff's decedent could not have known that the device implanted in his left hip on February 21, 2011 was a defective Device(s) at issue until after the date the Device was recalled from the market and the Plaintiffs came to learn of the recall.

13.     Furthermore, Plaintiff's decedent could not have known that he was injured by excessive levels of chromium and cobalt until after the date he had his blood drawn and he was advised of the results of said blood-work and the fact that those blood work abnormalities were attributable to a defect in the Device(s) at issue and after his March 9. 2017 revision.

## CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

14.     The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

    X    COUNT I - NEGLIGENCE;

    X    COUNT II - NEGLIGENCE PER SE;

    X    COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;

    X    COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;

    X    COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;

    X    COUNT VI - BREACH OF EXPRESS WARRANTY;

    X    COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;

    X    COUNT VIII - BREACH OF IMPLIED WARRANTIES;

_____   COUNT IX - VIOLATION OF MINNESOTA DECEPTIVE ACTS AND PRACTICES, UNFAIR TRADE PRACTICES, CONSUMER PROTECTION, MERCHANDISING PRACTICES AND FALSE ADVERTISING ACTS

_____   COUNT X – VIOLATION OF CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW;

__X__   COUNT XI - NEGLIGENT MISREPRESENTATION

__X__   COUNT XII - LOSS OF CONSORTIUM

__X__   COUNT XIII – UNJUST ENRICHMENT

_____   COUNT XIV – WRONGFUL DEATH

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

_____

_____

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. For restitution and disgorgement of profits; and,

6. For such other and further relief as this Court may deem just and proper.

7

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Date: March 26, 2018.

Respectfully submitted,

/s/ William C. McLain
Daniel B. Graves
OK Bar No. 16656
William C. McLain
OK Bar No. 19349
Rachel E. Gusman
OK Bar No. 22161
Graves McLain PLLC
4137 S. Harvard Ave., Ste. F
Tulsa OK 74135
 (918) 359-6600 P
(918) 259-6605 F
(800) 390-6600
dan@gravesmclain.com
chad@gravemclain.com
rachel@gravesmclain.com

*Attorneys for Plaintiffs*

7