UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: STRYKER REJUVENATE AND ABGII HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 13-2441 (DWF/FLN) |
| | **PRETRIAL ORDER NO. 47** |
| This Document Relates to All Actions | **ORDER RELATING TO PRIVATE SETTLEMENT AGREEMENT** |

The Court was informed on September 9, 2020 that a Settlement Agreement was entered into by MDL Plaintiffs' Lead Counsel Committee Chairperson, the New Jersey Multi-County Litigation Plaintiffs' Steering Committee, and Defendant Howmedica Osteonics Corp. (referred to as "Stryker Orthopaedics" (hereinafter, "Stryker")), on behalf of all defendants, to permit enrollment in a settlement program similar to the settlement programs previously announced on November 3, 2014 and December 19, 2016. In furtherance of the private Settlement Agreement establishing the September 9, 2020 Settlement Program (the "2020 Settlement Program"), on that same date, the Court entered an Order Regarding Private Settlement Agreement. The 2020 Settlement Program is in process, and the Court further orders as follow with regard to same:

**IT IS HEREBY ORDERED** that:

1. Lead counsel for the parties shall confer regarding the status of enrollment in the 2020 Settlement Program, and, to the extent that certain individuals have not enrolled at this time, then lead counsel must confer with individual case/claim counsel

regarding the basis for each non-enrollment.  To the extent that individual case/claim counsel is non-responsive to lead counsel, lead counsel shall advise the Court of the failure to respond after a reasonable attempt to make contact.

2. Lead counsel must report back to this Court all unenrolled matters and identify counsel in those matters no later than January 11, 2021, and shall also provide the stated basis for the failure to enroll.  The Court shall then take further action, as necessary.

3. The Court notes that a plaintiff or claimant's failure to respond to individual counsel regarding enrollment is not a valid basis to identify the matter as an opt-out. Rather, the Court requires individual counsel to identify to lead counsel those matters in which a plaintiff/claimant has failed to respond to enrollment inquiries.

Dated:  January 5, 2021               s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge