**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE: STRYKER REJUVENATE AND
ABG II HIP IMPLANT PRODUCTS
LIABILITY LITIGATION

MDL No. 13-2441 (DWF/DJF)

This Document Relates to:

Silvia Perfetti,

Civil No. 23-899 (DWF/DJF)

                    Plaintiff,

v.

**MEMORANDUM
OPINION AND ORDER**

Connecticut Orthopaedic Specialists, PC,
Phillip A. Minotti, and Howmedica
Osteonics Corp., d/b/a Stryker Orthopaedics,

                    Defendants.

**INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand to State Court

(MDL No. 13-2441 (DWF/DJF), (Doc. No. [2193]); Civil No. 23-899 (DWF/DJF), (Doc.

No. [25])).  For the reasons set forth below, the Court grants in part and denies in part the

motion.  Specifically, the Court grants the motion with respect to Defendants Connecticut

Orthopaedic Specialists, PC and Phillip A. Minotti (the "Healthcare Defendants") and

denies the motion with respect to Defendant Howmedica Osteonics Corp. ("HOC").[1]

---

[1]    HOC contends that Plaintiff has incorrectly named it Howmedica Osteonics Corp.
d/b/a Stryker Orthopaedics.  (Doc. No. 37 at 1.)

**BACKGROUND**

Plaintiff initiated this action in the Superior Court for the State of Connecticut against Defendants arising from an allegedly defective hip replacement component known as the ABG II Modular Hip Stem (the "ABG II Modular"), which is the subject of the above-captioned Multidistrict Litigation (the "MDL").  (*See generally* Doc. Nos. 1 (Notice of Removal) and 1-1 (Compl.).)[2]  Plaintiff asserts the following claims: (1) Negligence; (2) Negligence Per Se; (3) Strict Liability—Design Defect; (4) Strict Liability—Manufacturing Defect; (5) Strict Liability—Failure to Warn; (6) Breach of Express Warranty; (7) Breach of Warranty as to Merchantability; (8) Breach of Implied Warranties; and (9) Punitive Damages.  (*Compl.*)  On January 20, 2023, HOC removed the action to this Court, citing diversity of citizenship between the parties and an amount in controversy greater than $75,000.  (Doc. No. 1 ¶¶ 10-16.)

The allegations in the Complaint that focus on HOC are similar to those alleged in the MDL Master Long Form Complaint.  (*See* Doc. No. 38 ("Catullo Decl.") ¶ 4, Ex. B (MDL Amended PTO No. 10 (June 2, 2014).)  Part I of the Complaint focuses on the Healthcare Defendants' alleged failure to adequately monitor, diagnose, warn, and treat Plaintiff after her hip-replacement surgery.  These claims are based on theories of negligence and recklessness.  Part II of the Complaint focuses on HOC's alleged design, manufacture, labeling, and sale of the ABG II Modular and asserts claims based on

---

[2]     On April 11, 2023, the JPML denied Plaintiff's motion to vacate and entered an order transferring this case to the MDL.  (Doc. No. 20.)

theories of negligence, negligence per se, strict products liability, breach of warranty, and punitive damages under the Connecticut Product Liability Act ("CPLA").

Plaintiff now moves the Court to remand this action to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c), arguing that there is no subject matter jurisdiction based on a lack of diversity between the parties.

## DISCUSSION

### I.    Legal Standard

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States . . . ."  A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c).  The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005).  On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction by a preponderance of the evidence.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).  The federal court should resolve any doubt as to the propriety of removal in favor of remand.  *Prempro*, 591 F.3d at 620; *Bus. Men's Assur.*, 992 F.2d at 183.

### II.   Motion to Remand

Plaintiff argues that the Court lacks subject matter jurisdiction over her claims because there is not complete diversity between the parties.  Plaintiff further argues that

because the Court lacks original jurisdiction over the matter, this case must be remanded.

Plaintiff essentially claims that HOC had no basis to remove pursuant to 28 U.S.C.

§ 1441(a) on the basis of diversity of citizenship because the Healthcare Defendants, like

Plaintiff, are citizens of Connecticut.  (*See* Compl. ¶¶ 1-3.)

Here, given that the Healthcare Defendants are based in Connecticut, diversity of

citizenship appears to be incomplete on the face of the Complaint.  HOC asserts,

however, that removal was appropriate because Plaintiff improperly misjoined the

Healthcare Defendants in this action.  HOC argues specifically that it removed this case

on the basis of fraudulent misjoinder.[3]

Fraudulent misjoinder

occurs when a plaintiff sues a diverse defendant in state court and joins a
viable claim involving a nondiverse party, or a resident defendant, even
though the plaintiff has no reasonable procedural basis to join them in one
action because the claims bear no relation to each other.  In such cases,
some courts have concluded that diversity is not defeated where the claim
that destroys diversity has "no real connection with the controversy"
involving the claims that would qualify for diversity jurisdiction.

*Prempro*, 591 F.3d at 620 (citation omitted).  The doctrine of fraudulent misjoinder has

not been formally adopted in the Eighth Circuit.  *See id*. at 622 ("The Eighth Circuit

Court of Appeals has not yet considered the fraudulent misjoinder doctrine . . . . We make

no judgment on the propriety of the doctrine in this case, and decline to either adopt or

reject it at this time.").  But the District of Minnesota has applied the doctrine either

explicitly or implicitly in cases similar to the one at hand.  *See, e.g.*, *In re Stryker*, Civ.

---

[3]      The doctrine of fraudulent misjoinder is distinct from the doctrine of fraudulent
joinder.  Plaintiff's arguments regarding fraudulent joinder are, therefore, misplaced.

No. 13-1811, 2013 WL 6511855, at *4 (D. Minn. Dec. 12, 2013) (severing claims against Hospital Defendants because they do not arise from the same transaction and occurrences as the claims against the Stryker entities); *In re Baycol Prods. Litig.*, Civ. No. 03-2931, 2003 WL 22341303, at *2-3 (D. Minn. Jan. 1, 2003) (recognizing and applying the doctrine of fraudulent misjoinder; finding fraudulent misjoinder of a party and severing and remanding misjoined claims).

HOC argues that Plaintiff fraudulently misjoined the Healthcare Defendants in order to defeat federal jurisdiction. HOC requests that the Court sever and remand Plaintiff's claims against the Healthcare Defendants while retaining jurisdiction over Plaintiff's claims against the device manufacturer. In that regard, HOC asserts that Plaintiff misjoined the Healthcare Defendants under Rule 20(a) of the Federal Rules of Civil Procedure.

Rule 20 allows for permissive joinder of multiple defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; (B) and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).[4] If defendants have been misjoined for the failure to satisfy the conditions for permissive joinder under Rule 20(a), the Rules allow for severance of those defendants: "Misjoinder of parties is not a ground for dismissing an

---

[4]     Connecticut's permissive joinder standard is substantially similar to Rule 20. *See Mancinone v. Allstate Ins. Co.*, Civ. No. 3:20-82, 2020 WL 5709675, at *7 (D. Conn. Sept. 24, 2020).

action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.[5]

HOC asserts that any claims arising out of the Healthcare Defendants' treatment of Plaintiff do not arise out of the same transaction or occurrence as the claims against the device manufacturer because the claims against Plaintiff's healthcare providers are based on theories of medical negligence while the claims against the manufacturer are based on theories of product liability.  HOC argues that any viable claim against the Healthcare Defendants would be legally and factually distinct from the claims against the device manufacturer, and the device manufacturer is not a necessary party to any proceeding against Plaintiff's healthcare providers, against whom Plaintiff has an adequate remedy in state court.

Upon careful review of the applicable rules and the pleadings of the parties, the Court finds that the Healthcare Defendants have been improperly joined in this case.  The joinder of any malpractice or negligence claim against the Healthcare Defendants with the other product liability claims (that are properly asserted against the device manufacturer) is inappropriate because the claims do not both involve common questions

---

[5]     Although some courts faced with fraudulent misjoinder claims have required both a finding of misjoinder and a finding of a bad faith attempt to defeat diversity, other courts have refused to apply the "egregious" standard when considering misjoinder in the context of remand petitions. *See, e.g.*, *In re: Baycol Prods. Litig.*, 2003 WL 22341303, at *3 (citing cases).  The Eighth Circuit Court of Appeals has not addressed the issue. Here, the Court finds that where a non-diverse party, such as the Healthcare Defendants, are not properly joined under the Federal Rules of Civil Procedure, other interests, such as a defendant's statutory right of removal, prevail over that of permitting a plaintiff's choice of forum.  *See, e.g.*, *In re Stryker*, 2013 WL 6511855, at * 4-5 (citing *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004).)

of law or fact and assert joint, several, or alternative liability "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a).

Any medical negligence claims that Plaintiff asserts against the Healthcare Defendants will require evidence regarding Plaintiff's care, treatment, and services provided by the Healthcare Defendants and their staff.  Plaintiff's claims against HOC, on the other hand, are based on alleged manufacturing and design defects associated with the ABG II Modular medical device.  Claims against the HOC will require evidence as to the development, manufacture, and testing of such devices as well as the HOC's knowledge, warnings, and disclosures regarding risks associated with its purportedly defective hip replacement product.  Any liability that may be found against either HOC or the Healthcare Defendants would not be a basis for liability as to the other.  However, separate liability as to each could be found.  Furthermore, because of the nature, stage, and progression of this MDL, the Court finds that the rights of the parties and interest of justice is best served by severance.  *See* Fed. R. Civ. P. 21.

## CONCLUSION

Because the causes of action against the Healthcare Defendants do not arise from the same transaction and occurrences as the causes of action against HOC, the Court will sever the action against the Healthcare Defendants so as to preserve HOC's right to removal in the remaining action and to preserve the interests of judicial expediency and justice.  *See, e.g.*, *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 2572048, at *3-4 (D. Minn. Aug. 30, 2007); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 WL 5377783, at *6-7 (D. Minn.

June 4, 2007).  The Court believes that, given the age of the case and the status of the MDL, the interests of the parties would be served by an attempt to settle this matter.

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Remand (MDL No. 13-2441 (DWF/DJF), (Doc. No. [2193]); Civil No. 23-899 (DWF/DJF), (Doc. No. [25])) is **GRANTED IN PART** and **DENIED IN PART** as follows:

      a.      With respect to Defendants Connecticut Orthopaedic Specialists, PC and Philip A. Minotti, the motion is **GRANTED**.  All claims asserted against Defendants Connecticut Orthopaedic Specialists, PC and Philip A. Minotti are hereby **SEVERED** and **REMANDED** to the Superior Court of the State of Connecticut, Judicial District of New Haven.

      b.      With respect to Defendant Howmedica Osteonics Corp., the motion is **DENIED**.  The Court retains jurisdiction over all claims asserted against Defendant Howmedica Osteonics Corp.

Dated:  October 5, 2023                    s/Donovan W. Frank
                                                         DONOVAN W. FRANK
                                                         United States District Judge